UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOUG THOMAS, individually and on behalf of all similarly situated employees,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TALYST, INC.,<br><br>　　　　　Defendant. | CASE NO. C07-202JLR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the court on Defendant's motion for summary judgment (Dkt. # 10). Neither party requested oral argument. Having reviewed the submitted papers and the entire record, the court GRANTS the motion and DISMISSES the complaint without prejudice.

**I. BACKGROUND**

Plaintiff Doug Thomas worked for Defendant Talyst, Inc. ("Talyst") as a Project Manager from September 22, 2003 until his termination effective January 14, 2005. Torina Decl. (Dkt. # 12) ¶ 3. On February 6, 2007, he filed this collective action for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT– 1

U.S.C. §§ 201-19, a month after the FLSA's two-year statute of limitations expired but within the three-year limitations period for willful violations. Talyst now moves for summary judgment dismissal of the entire action because Mr. Thomas never complied with the FLSA's explicit requirement that all collective action plaintiffs file a written consent to suit, either with their complaint or thereafter. Now both the FLSA two-year statute of limitations and the three-year limitations period for willful violations have run.

## II. ANALYSIS

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007). There is no evidence to weigh here. It is undisputed that Mr. Thomas failed to file a written consent to the collective action within three years of his termination from employment. Only a legal question remains: should the court disregard Mr. Thomas's characterization of his suit as a FLSA collective action so that he may pursue a wholly individual FLSA action? Doing so would mean that the statute of limitations was tolled as of the date he filed his complaint. The answer, quite simply, is no.

**A.    FLSA Statute of Limitations**

Section 216(b) of the FLSA provides that employees may bring any action for unpaid wages against any employer on behalf of "themselves and other employees similarly situated." 29 U.S.C. § 216(b). Collective actions under the FLSA are "opt-in" actions, i.e., "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* If plaintiffs do not bring their FLSA claims within two years of accrual, or three years for claims of willful violations, their claims "shall be

forever barred." 29 U.S.C. § 255(a). The FLSA clearly and unambiguously defines when an action is "commenced" for statute of limitations purposes:

> In determining when an action is commenced for the purposes of section 255 of this title, an action . . . shall be considered to be commenced on the date when the complaint is filed; *except that in the case of a collective or class action instituted under the Fair Labor Standards Act . . . it shall be considered to be commenced in the case of any individual claimant:*
> (a) *on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought*; or
> (b) if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256 (emphasis added).

In other words, the date an action is commenced under the FLSA depends on whether it was instituted as a collective action. Non-collective actions are deemed "commenced" for purposes of an individual claimant's statute of limitations when the complaint is filed on behalf of that claimant. 29 U.S.C. § 256; *see Gray v. Swanney-McDonald, Inc.*, 436 F.2d 652, 654-55 (9th Cir. 1971); *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1132-33 (D. Nev. 1999). However, an FLSA collective action is not "commenced" for purposes of a named plaintiff's limitations period until *both* of these occur: (1) a complaint is filed specifically naming the individual as a plaintiff; and (2) a written consent to suit is filed with the court by that plaintiff. 29 U.S.C. § 256; *see Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 756 n.19 (9th Cir. 1979); *Bonilla*, 61 F. Supp. 2d at 1132-33; *Lindell v. Gen. Elec. Co.*, 267 P.2d 709, 715 (Wash. 1954). A named plaintiff may provide the required written consent either by personally signing the complaint, or by signing and filing a separate document that provides his or her written consent. *See Bonilla*, 61 F. Supp. 2d at 1139.

There is no question that Mr. Thomas intended for this case to proceed as a FLSA collective action. Mr. Thomas filed his complaint, entitled "FLSA Collective Action," on

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT– 3

"behalf of himself and other employees and former employees similarly situated to him for overtime compensation and other relief under the FLSA." Complaint (Dkt. # 1) ¶ 2. The complaint contains a "Class Facts" section and alleges that "Defendant violated the overtime provisions of the FLSA . . . by directing, suffering or permitting work by class members in excess of 40 hours per week for which they were not paid overtime," and that "Defendant's violations were willful, thereby entitling plaintiff and members of the proposed class to a three-year statute of limitations." *Id.* ¶¶ 8-12, 14-15. "[I]ndividually and on behalf of the class," Mr. Thomas sought three forms of relief: (1) "Court-approved notices to putative class members pursuant to 29 U.S.C. § 216(b);" (2) "Certification of a collective action pursuant to 29 U.S.C. § 216(b);" and (3) overtime and other damages. *Id.* at 3. Mr. Thomas reaffirmed the collective action nature of his claims in the joint status report and discovery plan (Dkt. # 6) and his initial disclosures (Dkt. # 7). With respect to discovery, he referred to Section 216 certification of the FLSA class members and stated that "[d]epending on the number and position held of those who opt in, more depositions may be required." Joint Status Rep. ¶ 5. He asserted a wholly individual FLSA action for the first time in response to Talyst's motion for summary judgment and, even then, the captions on his papers read "FLSA Class Action." Resp. (Dkt. # 13) at 1; Roe Decl. (Dkt. # 14) at 1; Thomas Decl. (Dkt. # 15) at 1; Supp. Authority and Resp. (Dkt. # 19) at 1.

Mr. Thomas does not attempt to recant his prior (and sometimes present) characterization of this suit as a collective action. Instead, he asks the court to follow the approach taken by the Fifth Circuit in *Allen v. Atl. Richfield Co.*, 724 F.2d 1131 (5th Cir. 1984). In *Allen*, the court concluded that "parties named in a suit, who have hired a lawyer to file a complaint on their behalf, have clearly indicated their consent to suit. The statute does not require additional time-and-resource-consuming filings." *Allen*, 724 F.2d at 1135; *see Smith v. Cent. Sec. Bureau, Inc.*, 231 F. Supp. 2d 455, 461 (W.D. Va.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT– 4

2002) (permitting plaintiff to proceed in a "dual" capacity, i.e., both individually *and* individually and on behalf of others similarly situated "so long as the complaint clearly put the employer and the court on notice of such"). *But see Lee v. Vance Executive Prot., Inc.*, No. 00-1330, 2001 WL 108760, at *6 (4th Cir. Feb. 8, 2001) (rejecting argument that FLSA collective action was really 15 individual actions and declining "to inject uncertainty into the law by permitting plaintiffs to change the nature of their action in the middle of judicial proceedings without proper notice to the court and employer"), *cited with approval by Smith*, 231 F. Supp. 2d at 460-61. According to Mr. Thomas, the fact that no other plaintiff ever opted into the collective action means that he may pursue a wholly individual action that tolled the statute of limitations as of the date he filed his complaint.

In *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129 (D. Nev. 1999), the District of Nevada carefully and comprehensively analyzed FLSA collective actions and rejected the *Allen* court's approach to the commencement of such actions as inconsistent with Ninth Circuit authority and the statute's legislative history. The *Bonilla* court noted that the plain language of the statute provides that named plaintiffs commence a collective action by filing the complaint and their written consents and, for statute of limitations purposes, the action is commenced on the date the complaint and consents are filed. *Id.* at 1134 (citing 29 U.S.C. § 256). Whether an unnamed plaintiff ever opts into the suit is irrelevant. *Id.* The court should determine at the outset of the suit whether a FLSA collective action was filed because otherwise the litigation would be controlled by *potential* parties rather by than the parties themselves:

> Under the *Allen* court's interpretation, if plaintiffs file a complaint purporting to seek relief for themselves and other similarly situated, but do not file consents, they are at the mercy of any unnamed plaintiff opting into the lawsuit. Once another plaintiff opts in, the named plaintiffs would have to file their consents, and the statute of limitations would be tolled from the date the consents are filed, not from the date of the complaint. Thus, whether the lawsuit is determined to be a collective action would be based not on the

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT– 5

>individuals already parties to the lawsuit but instead upon potential parties, a result not intended by the statute.

*Id.* The *Bonilla* concluded that a Section 216(b) collective action exists when plaintiffs, on the face of their complaint, purport to sue on behalf of themselves and "others similarly situated." *Id.* at 1138 (citing 29 U.S.C. § 216(b), 93 Cong. Rec. 2182 (Remarks of Senator Donnell), and *Gray v. Swanney-McDonald, Inc.*, 436 F.2d 652, 655 (9th Cir. 1971)). The requirement to file a consent with the court, or sign the complaint, is "hardly onerous or burdensome." *Id.* at 1139. Regardless, wasteful or not, wise or not, it is not for the courts to rewrite unambiguous statutory language. *Id.*; *see also Schmidt v. Fuller Brush Co.*, 527 F.2d 532, 536 (8th Cir. 1975) ("Any argument that the inclusion of the [FLSA] consent requirement undercuts the broad remedial purposes of the ADEA should be made to the legislature and not to the courts."); *Lindell*, 267 P.2d at 715 ("Far be it from this court to attempt to rewrite an act of Congress. . . . [W]e feel that Congress meant just what it said, and we have no difficulty in understanding its language. This is a collective or class action.").

In *Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099 (7th Cir. 2004), the Seventh Circuit reached the same conclusion. The trial court had dismissed the overtime claims of 18 of the 21 named plaintiffs in a FLSA collective action because no written consents by them to join in the suit had been filed with the court before the statute of limitations expired. On appeal, plaintiffs' counsel argued that since all 18 were actually named as plaintiffs in the complaint and participated in discovery, their consent to be parties could be presumed such that the failure to file written consents for them was a harmless technicality. The Seventh Circuit disagreed because "[t]he statute is unambiguous: if you haven't given your written consent to join the suit, or you have but it hasn't been filed with the court, you're not a party." *Id.* at 1101. The suit was captioned as a representative action when first filed and, for reasons known only to plaintiffs' counsel,

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT– 6

was never converted to a joint action. *Id.* at 1102. Had plaintiffs' counsel, like counsel in *Allen*, made his intention known to convert the collective action for overtime pay to an action on behalf only of the named plaintiffs—before the statute of limitations expired—he would not have lost 18 of his 21 plaintiffs. *Id.*

Mr. Thomas never made his intention known to convert his collective action for overtime pay into an individual action until the three-year statute of limitations for willful FLSA violations expired. That no unnamed plaintiffs ever opted into this suit did not convert this suit *sub silentio* into an individual action. The court finds the reasoning in *Harkins* and *Bonilla* to be persuasive and will read the FLSA's requirements literally. Mr. Thomas failed to file a written consent to this FLSA collective action within three years and so his claims are time barred. Because the deadline for amending the pleadings expired two months ago and the deadline for adding new parties expired five months ago, this FLSA collective action cannot be maintained and must be dismissed in its entirety.

## B.     Equitable Tolling

Although Mr. Thomas's counsel has not sought equitable tolling, the court should consider whether this action presents an appropriate case for equitable tolling of the statute of limitations. *See Partlow v. Jewish Orphans' Home of S. Cal., Inc.*, 645 F.2d 757, 760 (9th Cir. 1981) (implying doctrine of equitable tolling into the FLSA), *abrogated on different grounds by Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989). Federal courts generally apply the doctrine of equitable tolling in two kinds of situations: (1) when the plaintiff was prevented from asserting his or her claims by some kind of wrongful conduct on the part of the defendant; and (2) extraordinary circumstances beyond the plaintiff's control made it impossible to file the claims on time. *See Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996).

Neither situation justifying equitable tolling applies here. Talyst has not engaged in wrongful conduct that prevented Mr. Thomas from asserting his claims. The ability to

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT– 7

file his consent form was solely within his control, and he has not demonstrated extraordinary circumstances that would have prevented him from doing so. On February 4, 2008, Mr. Thomas filed a declaration in which he states that he suffered serious head injuries on August 1, 2007, and that he cannot be deposed until his symptoms of memory loss, impaired focus, and seizures are better resolved. Thomas Decl. ¶¶ 1-4. This was the first time Mr. Thomas informed Talyst and the court about his head injury, Johnsrud Reply Decl. (Dkt. # 18) ¶ 5, and there is no indication that he has ever lacked the ability to sign a simple consent form. Mr. Thomas failed to follow the prescribed procedures in Section 256 and has not offered a non-negligent explanation for this failure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent."); *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387 (9th Cir. 1988) (citing *Link* for the same proposition); *see generally* Laura L. Ho, *Collective Action Basics*, 10 Emp. Rts. & Emp. Pol'y J. 427, 428 (2006) ("Practitioners should note that it is necessary for the named plaintiffs to file separate consents to join at the same time they file the complaint."); Donald J. Spero, *For Whom the Filing Tolls—Beware of Hidden Traps*, 76-JAN Fla. B.J. 47, 51 (2002) ("It is obvious that plaintiff's counsel who make [FLSA] class allegations should cover themselves at the outset of the case by filing consents of the named plaintiffs with the complaint."). "[K]eeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the *defendant*." *Link*, 370 U.S. at 634 n.10. The court declines to apply the doctrine of equitable tolling to keep Mr. Thomas's time-barred suit alive.

### III.  CONCLUSION

Mr. Thomas's claims are time barred, it is too late to amend his pleadings, and no other person can now opt into this collection action. The court therefore GRANTS

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT– 8

Talyst's motion for summary judgment (Dkt. # 10) and DISMISSES this case without prejudice[1] in its entirety.

Dated this 28th day of February, 2008.

JAMES L. ROBART
United States District Judge

---

[1] "[T]he FLSA claim of a plaintiff who has failed to file a written consent is subject to dismissal *without* prejudice." *Real*, 603 F.2d at 756 n.19.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT– 9